IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEYLON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 CV 9222 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| DAVID BACHLER, in his individual capacity, ARTURO VILLANUEVA, in his individual capacity, and the CITY OF CHICAGO, a municipality, | ) ) ) ) | Judge John R. Blakey  Magistrate Judge Michael T. Mason |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT**

NOW COMES the Plaintiff, KEYLON WILLIAMS, by and through his counsel, the Law Office of Steven W. Becker LLC, and complains of Defendants DAVID BACHLER, in his individual capacity, ARTURO VILLANUEVA, in his individual capacity, and the CITY OF CHICAGO. In support thereof, Plaintiff states as follows:

**Introduction**

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 to redress deprivations under color of law of the Plaintiff's rights as secured by the Constitution of the United States of America.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

3. Venue is proper under 28 U.S.C. § 1391(b). All events occurred within the Northern District of Illinois. Upon information and belief, all parties to the case reside within the Northern District of Illinois.

**Parties**

4. Plaintiff KEYLON WILLIAMS ("Plaintiff") is a citizen of the United States who resides in Chicago, Illinois.

5. Defendant DAVID BACHLER ("Officer Bachler"), Star No. 9744, is a present or former employee of the City of Chicago Police Department. At all times relevant to this Complaint, Officer Bachler was employed by and acted within the scope of his employment as a duly appointed police officer of the City of Chicago and under color of state law.

6. Defendant ARTURO VILLANUEVA ("Officer Villanueva"), Star No. 14209, is a present or former employee of the City of Chicago Police Department. At all times relevant to this Complaint, Officer Villanueva was employed by and acted within the scope of his employment as a duly appointed police officer of the City of Chicago and under color of state law.

7. Defendant CITY OF CHICAGO is a municipal corporation organized under the laws of the State of Illinois. The City is or was the employer of all other Defendants.

**Facts**

8. On the afternoon of August 5, 2011, William Coleman and Mr. Williams were in a Buick driving westward on 90th Street in the City of Chicago.

9. The Buick came to a stop at a stop sign at the intersection of 90th Street and Ashland Avenue.

10. Mr. Coleman was driving the car, and Mr. Williams was in the front passenger seat.

11. Officer Villanueva and Officer Bachler were in plain clothes in an unmarked patrol car driving on Ashland Avenue near the intersection with 90th Street.

12. Officer Villanueva was driving, and Officer Bachler was in the front passenger seat.

13. Officer Bachler testified that, as the patrol car turned eastbound on 90th Street, he observed that neither Mr. Coleman nor Mr. Williams was wearing a seat belt.

14. Based on this observation, the patrol car stopped in front of the Buick, and the police initiated their emergency lights.

15. Officer Villanueva attended to Mr. Coleman on the driver's side of the Buick.

16. Upon the officers' request, Mr. Coleman complied and produced his license.

17. Prior to approaching Mr. Williams, Office Bachler announced his office.

18. In addition, Officer Bachler was wearing a bulletproof vest, had a badge around his neck, and had a firearm on his hip.

19. Office Bachler walked around the rear of the Buick to the passenger side, in which Mr. Williams was sitting.

20. According to Officer Bachler, the windows in the Buick were open.

21. Officer Bachler testified falsely at the preliminary hearing, the suppression hearing, and at trial that as he approached Mr. Williams he observed through the open window several small knotted baggies of a white rock-like substance of suspect cocaine in plain view displayed in Mr. Williams' open palm.

22. Officer Bachler testified that Mr. Williams did not attempt to conceal the bags of suspect crack cocaine, hide the bags under the seat, or drop the bags when the car door was opened.

23. Mr. Williams did not have any drugs in his hand.

24. Officer Bachler testified at trial that he then reached into the vehicle through the open window and grabbed the items from Mr. Williams' hand.

25. Officer Bachler planted the drugs on Mr. Williams.

26. Thereafter, Officer Bachler stated that he removed Mr. Williams from the vehicle and took him into custody.

27. Officer Bachler testified falsely that his custodial search of Mr. Williams revealed a loaded handgun in Mr. Williams' left pants' pocket.

28. Mr. Williams did not have a gun in his pocket.

29. Officer Bachler planted the gun on Mr. Williams.

30. At trial, Mr. Williams denied that he had drugs in his hand when the police arrived or that he had a gun in his pocket.

31. On or about August 5, 2011, Officer Bachler and Officer Villanueva prepared an arrest report falsely asserting that, at the time of the traffic stop, Mr. Williams had drugs in his possession.

32. In the same arrest report, Officer Bachler and Officer Villanueva also falsely reported that Mr. Williams had a gun in his pocket on that occasion.

33. At the preliminary hearing held on August 24, 2011, the court, after listening to Officer Bachler's testimony, made a finding of no probable cause as to the alleged drugs.

34. On February 6, 2012, the trial court conducted a suppression hearing, during which Officer Villanueva was a witness.

35. During the suppression hearing, Officer Villanueva testified that as Officer Bachler approached the passenger side of the Buick during the vehicle stop, Officer Bachler told him that the passenger had narcotics in his right hand.

36. Officer Villanueva then falsely testified that he had a clear view across the driver and saw "a little pebble" in Mr. Williams' open hand.

37. Officer Villanueva did not say that the pebble was in a clear plastic bag until the prosecutor suggested it to him on cross-examination.

38. Officer Villanueva did not testify at Mr. Williams' trial.

39. On June 18, 2012, Mr. Williams was found guilty of the felony offense of armed habitual criminal following a bench trial before the Honorable James B. Linn under Case No. 11 CR 13923 in the Circuit Court of Cook County.

40. On July 24, 2012, Mr. Williams was sentenced to 78 months' imprisonment in the Illinois Department of Corrections.

41. Mr. Williams successfully pursued a direct appeal to the Illinois Appellate Court.

42. On May 21, 2014, the First District Appellate Court reversed Mr. Williams' conviction outright on the ground that Officer Bachler's testimony was "too implausible to believe."

43. The appellate court stated that "[i]t is simply contrary to human experience that Williams, who had two prior convictions for residential burglary and aggravated unlawful use of a weapon, would make no effort to conceal the drugs in some way once he saw the officers and instead keep them in his open palm."

44. The reviewing court further found that "[t]he improbability surrounding Bachler's account of his initial encounter with Williams (which provided the basis for ordering

Williams out of the car and frisking him) casts grave doubt over the reliability of his testimony regarding the subsequent search and recovery of the weapon."

45. The appellate panel concluded that "no rational trier of fact could find Bachler's testimony plausible or reliable, thereby creating a reasonable doubt regarding Williams' guilt."

46. The State filed a Petition for Rehearing, which was denied by the appellate court on June 12, 2014.

47. On July 17, 2014, the State filed a Petition for Leave to Appeal to the Illinois Supreme Court, which was denied on September 24, 2014.

48. The State had until December 23, 2014, in which to file a petition for writ of *certiorari* to the United States Supreme Court.

49. The direct appeal judgment became final on December 23, 2014.

50. On October 2, 2014, the Illinois Supreme Court issued its mandate upon the grant of Mr. Williams' motion to expedite the mandate.

51. On or about October 8, 2014, Mr. Williams was released from custody.

52. On October 24, 2014, pursuant to the appellate court's mandate, Mr. Williams' conviction was vacated by the trial court, and Mr. Williams was discharged.

53. As a result of the criminal charge, Mr. Williams was incarcerated for three (3) years and two (2) months.

54. Mr. Williams was in custody from August 5, 2011 until October 8, 2014.

**Count I – Section 1983 Claim for Violation of Due Process (*Newsome* Claim)**

55. Mr. Williams incorporates by reference paragraphs 1-54.

56. While acting individually, jointly, and in conspiracy under color of state law, the Defendants falsely charged or caused Mr. Williams to be charged with the offenses in Case No. 11 CR 13923 and effected the wrongful continuation of that case on the basis of fabricated evidence.

57. Defendants violated Mr. Williams' right to due process, protected under the Fifth and Fourteenth Amendments to the U.S. Constitution, by framing Mr. Williams for a crime he did not commit by fabricating evidence against him by both planting physical evidence on his person, viz., drugs and a gun, and by preparing a false arrest report that led to his prosecution and conviction, by willfully and wantonly withholding material exculpatory evidence from the prosecution and the court before and during Mr. Williams' trial, by suborning the perjury of Officer Bachler and Officer Villanueva, and by testifying falsely about the alleged recovery of drugs and a gun on August 5, 2011.

    a. The evidence was favorable to Mr. Williams because of its exculpatory and impeaching nature.
    b. The evidence was suppressed willfully.
    c. Prompt disclosure of the evidence would have altered the prosecution's decision to proceed with charges against Mr. Williams and to go to trial.

58. Defendants' misconduct was undertaken with malice, willfulness, and reckless indifference to the rights and innocence of Mr. Williams.

59. Defendants' actions directly and proximately resulted in the denial of Mr. Williams' right to a fair trial and his subsequent wrongful incarceration for more than three years and two months, as well as attendant injuries including but not limited to loss of

wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff KEYLON WILLIAMS demands judgment jointly and severally against DAVID BACHLER, in his individual capacity, and ARTURO VILLANUEVA, in his individual capacity, for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against both Defendants in their individual capacities; attorney's fees and costs; pre- and post-judgment interest, and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

### Count II – Conspiracy to Violate § 1983

60. Mr. Williams incorporates by reference paragraphs 1-54.

61. While acting under color of state law, Defendants reached an agreement to violate Mr. Williams' constitutional rights, protected under the Fourth, Fifth, and Fourteenth Amendments.

62. While acting under color of state law, Defendants committed acts in furtherance of the conspiracy, including but not limited to falsely arresting Plaintiff, falsely charging or causing Plaintiff to be charged with the offenses in Case No. 11 CR 13923; fabricating evidence against Plaintiff; testifying falsely in support of the criminal proceedings; and withholding material exculpatory evidence from prosecutors and the trial court.

63. Defendants' conspiracy directly and proximately caused the deprivation of Mr. Williams' constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, resulting in Mr. Williams' wrongful incarceration for more than three years and two

months, as well as attendant injuries including but not limited to loss of wages, emotional damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff KEYLON WILLIAMS demands judgment jointly and severally against DAVID BACHLER, in his individual capacity, and ARTURO VILLANUEVA, in his individual capacity, for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against both Defendants in their individual capacities; attorney's fees and costs; pre- and post-judgment interest, and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

## Count III – Indemnification

64. Mr. Williams incorporates by reference paragraphs 1-54 and Counts I-II.
65. Mr. Williams alleges Count III against Defendant CITY OF CHICAGO only.
66. In committing the acts alleged in this Complaint, Defendants were at all times employed by and/or officers of the CITY OF CHICAGO, and were acting as agents of the CITY OF CHICAGO, and within the scope of their employment.
67. In committing the actions alleged in this Complaint, the Defendants acted in violation of statutory or constitutional law.
68. Under 745 ILCS 10/9-102, public entities are directed to indemnify their employees for any and all tort judgments for damages for which their employees are liable.
69. As a direct and proximate cause of Defendants' willful and wanton actions, Mr. Williams suffered injuries including but not limited to loss of wages, emotional

damage and trauma, humiliation, damage to personal and professional reputation, loss of liberty, and mental distress and anguish.

WHEREFORE, Plaintiff KEYLON WILLIAMS demands judgment against the CITY OF CHICAGO for damages adjudged against the other Defendants in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; attorney's fees and costs; pre- and post-judgment interest; and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

## Jury Demand

70. Mr. Williams demands trial by jury on all claims for which he is entitled to trial by jury.

WHEREFORE, Plaintiff KEYLON WILLIAMS demands judgment jointly and severally against DAVID BACHLER, in his individual capacity, ARTURO VILLANUEVA, in his individual capacity, and the CITY OF CHICAGO for damages in excess of the jurisdictional amount of $75,000, including but not limited to actual and compensatory damages; punitive damages against both Defendants in their individual capacities; attorney's fees and costs; pre- and post-judgment interest, and any and all other relief to which he may be entitled, in an amount deemed at the time of trial to be just, fair, and appropriate.

Respectfully submitted,

s/ Steven W. Becker
Steven W. Becker
Law Office of Steven W. Becker LLC
500 N. Michigan Avenue, Suite 600
Chicago, Illinois 60611
(312) 396-4116
swbeckerlaw@gmail.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Steven W. Becker, certify that on February 7, 2017, I caused a copy of the foregoing Amended Complaint to be served via the CM/ECF system of the United States District Court for the Northern District of Illinois upon the following:

Victoria R. Benson
Maria E. Magginas
City of Chicago, Department of Law
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
victoria.benson@cityofchicago.org
Maria.Magginas2@cityofchicago.org

                                                                             s/ Steven W. Becker
                                                                             Steven W. Becker