IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEYLON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 CV 9222 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID BACHLER, in his individual | ) | Judge John R. Blakey |
| capacity, ARTURO VILLANUEVA, | ) | |
| in his individual capacity, and the | ) | Magistrate Judge Michael T. Mason |
| CITY OF CHICAGO, a municipality, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION
OF DENIAL OF MOTION FOR RULE 11 SANCTIONS**

NOW COMES the Plaintiff, KEYLON WILLIAMS, by and through his counsel, the Law

Office of Steven W. Becker LLC, pursuant to Federal Rule of Civil Procedure 54(b), and hereby

requests that the Court reconsider its denial of Plaintiff's Motion for Rule 11 Sanctions, which

the Court denied solely on the ground that Plaintiff failed to comply with the "safe-harbor"

provision of Rule 11(c)(2), where the Plaintiff did, in fact, strictly comply with the safe-harbor

provision and specifically noted such compliance in his motion.  In support thereof, Plaintiff

states as follows:

1.      Federal Rule of Civil Procedure 54(b) provides that a court may reconsider an

interlocutory ruling "at any time before the entry of judgment adjudicating all the claims and all

the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

2.      Motions for reconsideration serve the narrow purpose of presenting newly

discovered evidence or correction of manifest errors of law or fact.  *Rothwell Cotton Co. v.

Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).  Here, the Plaintiff moves for

reconsideration solely on the ground that the Court misapprehended an issue of fact, viz., that the Plaintiff failed to comply with the safe-harbor provision of Rule 11(c)(2).

3. In its recent Memorandum Opinion and Order [Dkt. No. 68], the Court stated as follows: "[T]he record shows that Defendants mischaracterized a material fact – that officers found a gun in Coleman's car – as undisputed, and then moved for summary judgment on that basis despite admitting that officers never found a gun in the car.  This Court sympathizes with Plaintiff's request for Rule 11 sanctions, but denies the motion because Plaintiff has not provided any evidence establishing that he complied with the safe-harbor provisions of Rule 11(c)(2) before presenting his motion to this Court."  (Dkt. No. 68 at 10-1)

4. The Court, however, may have inadvertently overlooked the footnote on page 1 of Plaintiff's Motion for Rule 11 Sanctions [Dkt. No. 59] in which Plaintiff specifically memorialized that "Pursuant to Fed. R. Civ. P. 11(c)(2), on March 26, 2018, Plaintiff served Defendants' counsels with a copy of the present motion, informing them of their right to withdraw or otherwise correct their motion within 21 days.  On April 16, 2018, Defendants' counsels notified Plaintiff that they would not be withdrawing their motion.  Accordingly, Plaintiff has complied with the notice requirements of Rule 11."  (Dkt. No. 59 at 1 n.1)

5. The Plaintiff included this notice of compliance in a footnote so as not to alter the exact substance of the sanction motion itself, which had previously been served upon the Defendants.

6. In this regard, Plaintiff not only served the Defendants with a copy of the Motion for Rule 11 Sanctions on March 26, 2018, by both e-mail and first-class mail, *see* copy of Certificate of Service, which is attached hereto as <u>Exhibit A</u>, but he specifically informed them that, "Pursuant to Fed. R. Civ. P. 11(c)(2), you have 21 days in which to withdraw or

appropriately correct your motion; otherwise, I will file the sanctions motion with the court."
*See* E-mail correspondence from Steven W. Becker to Defendants' counsels, dated March 26, 2018, which is attached hereto as <u>Exhibit B</u>.

7.      This is more-than sufficient to constitute compliance with Rule 11(c)(2).  *See, e.g.*, *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003) (holding that magistrate judge erred in denying sanctions motion where party sent letter to opposing counsel, as opposed to a formal motion, giving him 21 days to desist, thereby complying with Rule 11's notice requirements and entitling movant to a decision on the merits of his motion for sanctions).

8.      Moreover, on April 16, 2018, which was 21 days after service of the Plaintiff's Motion for Sanctions, the Defendants' counsel replied to Plaintiff in writing and indicated that "Defendants will not be withdrawing their Motion for Summary Judgment and will be proceeding with same as written."  *See* E-mail correspondence from ACC Victoria Benson to Steven W. Becker, dated April 16, 2018, which is attached hereto as <u>Exhibit C</u>.

9.      Furthermore, because the Plaintiff fully complied with the safe-harbor provision of Rule 11(c)(2), the Defendants did not make any objection on this ground in their response.

10.      Additionally, Plaintiff did not file his sanction motion with the Court until May 14, 2018 [Dkt. No. 59], which was almost one month after the Defendants declined to withdraw their offending summary judgment motion.

11.      In sum, because, as demonstrated above, the Plaintiff strictly complied with Rule 11(c)(2)'s safe-harbor provision, and the sole ground upon which the Court declined to grant his Motion for Rule 11 Sanctions was an error in fact regarding such compliance, the Plaintiff requests that the Court reconsider its decision and grant his Motion for Rule 11 Sanctions.

WHEREFORE, Plaintiff KEYLON WILLIAMS respectfully requests that the Court reconsider its previous decision denying his Motion for Rule 11 Sanctions, grant said motion, and for such further relief as the Court deems just and proper.

Respectfully submitted,

s/ Steven W. Becker
Steven W. Becker
Law Office of Steven W. Becker LLC
500 N. Michigan Avenue, Suite 600
Chicago, Illinois 60611
(312) 396-4116
swbeckerlaw@gmail.com
Attorney for Plaintiff

<u>**CERTIFICATE OF SERVICE**</u>

       I, Steven W. Becker, certify that on June 19, 2018, I caused a copy of the foregoing **PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR RULE 11 SANCTIONS** to be served via the CM/ECF system of the United States District Court for the Northern District of Illinois upon the following:

Victoria R. Benson (victoria.benson@cityofchicago.org)
Mark Winistorfer (mark.winistorfer2@cityofchicago.org)
Maria E. Magginas (Maria.Magginas2@cityofchicago.org)
City of Chicago Department of Law
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
Attorneys for Defendants


                           <u>s/ Steven W. Becker</u>
                           Steven W. Becker