IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEYLON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 CV 9222 |
| | ) | |
| DAVID BACHLER, in his individual | ) | Judge John R. Blakey |
| capacity, ARTURO VILLANUEVA, | ) | |
| in his individual capacity, and the | ) | Magistrate Judge Michael T. Mason |
| CITY OF CHICAGO, a municipality, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER
DENIAL OF MOTION FOR RULE 11 SANCTIONS**

NOW COME Defendants, David Bachler, Arturo Villanueva (collectively "Defendant Officers"), and the City of Chicago (the "City") (collectively "Defendants"), by and through one of their undersigned attorneys, Victoria R. Benson, Chief Assistant Corporation Counsel of the City of Chicago, for their response to Plaintiff's Motion to Reconsider the denial of his Motion for Rule 11 Sanctions, hereby state as follows:

**INTRODUCTION**

This Court properly denied Plaintiff's Motion for Rule 11 Sanctions. Defendants' Motion for Summary Judgment was not frivolous nor was it presented for any improper purpose. In other words, Defendants' Motion was not filed in bad faith. Thus, regardless of whether Plaintiff complied with the "safe harbor" provisions set forth in Rule 11,[1] this Court's denial of Plaintiff's Motion for Rule 11 Sanctions should stand.

---

[1] Although Plaintiff served Defendants with a copy of his Motion for Sanctions and gave Defendants the opportunity to withdraw or "correct" the Motion for Summary Judgment, Plaintiff did not provide a copy of his affidavit walking back his deposition testimony. Instead, Plaintiff produced that affidavit for the first time when he submitted it in

**ARGUMENT**

"Rule 11 provides two grounds for sanctions, namely, the 'frivolousness clause' and the 'improper purpose' clause." *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 752 (7th Cir. 1988) (citing *Brown v. Federation of State Medical Boards of the United States*, 830 F.2d 1429, 1435 (7th Cir. 1987)). "The frivolousness clause requires that the party or the attorney conduct a reasonable inquiry into the facts and the law relevant to the case." *Id.* (citing *Brown*, 830 F.2d at 1435). "The improper purpose clause ensures 'that a motion, pleading, or other document may not be interposed for purposes of delay, harassment, or increasing the costs of litigation.'" *Id.* (quoting *Brown*, 830 F.2d at 1436). Under either clause, there must be an "'objective determination of whether the sanctioned party's conduct was reasonable under the circumstances.'" *Fred A. Smith Lumber*, 845 F.2d at 752 (citing *Brown*, 830 F.2d at 1435). In other words, a court must objectively determine "whether the arguments advanced by counsel were reasonable…." *Id.* (citing *In re Ronco, Inc.*, 838 F.2d 212 (7th Cir. 1988)). An objective inquiry in this case demonstrates that the arguments presented in Defendants' Motion for Summary Judgment were reasonable and that the Motion was not presented for an improper purpose.

Plaintiff sought the imposition of sanctions based primarily upon the following sentence from Defendants' brief: "There is no evidence that any police officer knowingly fabricated evidence against Plaintiff given that it is undisputed that a gun was recovered from the vehicle in which Plaintiff was a passenger." Plaintiff's Rule 11 Motion for Sanctions ("Pltf. Rule 11 Mot."), ECF No. 59, at ¶¶ 1, 18; *see also* Defendants' Memorandum of Law in Support of Their

---

response to Defendants' Motion. Therefore, Defendants do not believe the spirit of the "safe harbor" provision was complied with.

Motion for Summary Judgment, ECF No. 55, at 6. Though perhaps inartfully written, when considered in the context of Defendants' entire motion and associated filings, that sentence is insufficient to justify the imposition of sanctions against Defendants.

The premise of Defendants' Motion was that, because Plaintiff testified at his deposition that the police recovered a gun in William Coleman's vehicle, there was no dispute that a gun was recovered and therefore no basis to hold Defendants liable for having fabricated the gun. *See Koszola v. Bd. Of Educ. of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004) (survival of summary judgment requires non-moving party to show "what evidence it has that would convince a trier of fact to accept its version of events") (overruled on other grounds by *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)); *Outlaw v. Newkirk*, 259 F.3d 833, 838 (7th Cir. 2001) (no genuine issue of fact when "defendants would be entitled to summary judgment even assuming the truth of [plaintiff's] version of the incident"). Defendants regret that their argument was not clear from the sentence upon which Plaintiff focuses his request for sanctions. However, elsewhere in their Motion for Summary Judgment, Defendants' argument was more clearly stated. *See* Defendants' Motion for Summary Judgment, ECF No. 53, at ¶ 3 ("Plaintiff has no evidence that Defendants Bachler and Villanueva fabricated evidence and conspired to violate Plaintiff's due process [rights] and…Plaintiff's own testimony defeats his claims.").

Moreover, it is plain from Plaintiff's response to Defendants' Motion for Summary Judgment, as well as his Motion for Rule 11 Sanctions, that Plaintiff understood that Defendants were arguing that they were entitled to summary judgment because there was no evidence that the police fabricated a gun, including under Plaintiff's version of events as testified to at his deposition. *See* Plaintiff's Memorandum of Law in Response to Defendants' Joint Motion for

Summary Judgment, ECF No. 56, at 11 (arguing that Plaintiff's post-summary judgment affidavit defeats Defendants' argument that they are entitled to summary judgment based on Plaintiff's deposition testimony); *see also* Pltf. Rule 11 Mot. at ¶ 9 (acknowledging that Defendants' argument for summary judgment was based upon Plaintiff's deposition testimony that police found the gun inside the car). The fact that Plaintiff fully understood Defendants' argument is reinforced and confirmed by the fact that he prepared and submitted an affidavit correcting his deposition testimony only after Defendants' informed him that they would not be withdrawing their Motion for Summary Judgment. *See* Plaintiff's April 25, 2018 Affidavit ("Pltf. Aff."), a copy of which is attached to Plaintiff's Local Rule 56.1(b)(3)(C) Statement of Additional Material Facts Requiring Denial of Summary Judgment as Exhibit A. That affidavit was not included with Plaintiff's proposed motion for sanctions, nor is it referenced anywhere therein. *See* Correspondence from Plaintiff's Counsel, dated March 26, 2018 with attachment, a copy of which are attached hereto as Exhibit A; *see also* Pltf. Rule 11 Mot., ECF No. 59.

Defendants understand that this Court disagrees with their interpretation of Plaintiff's deposition testimony. While this disagreement precludes summary judgment for Defendants, it does not justify the imposition of sanctions because Defendants' interpretation of Plaintiff's testimony was not unreasonable. Plaintiff testified more than once in his deposition about Chicago Police officers finding a gun in William Coleman's vehicle. *See* Transcript of Deposition of Plaintiff ("Pltf. Dep."), a copy of which is attached to Defendants' Local Rule 56.1(a)(3) Statement of Uncontested Material Facts in Support of Their Joint Motion for Summary Judgment ("DSOF") as Exhibit C, at 130:19-23 ("Q: What do you mean when you say they found whatever they found? A: When they say they found guns and drugs on my person, but it was never on my person. They found it inside the car."), 150:17-24 ("Q: Did they find

4

anything in the car? A: Yes. Mr. Becker: Again speculation. Q: If you know. A: Yes. Q: What did they find? A: A gun."), 158:10-23 ("Q: When you said that they said that, 'We got it,' is that what you remember, that's what you heard them say? A: I don't know. I think I said that I knew it was a gun. I heard when they said they got it, I didn't know exactly what it actually was that they got until we got into the station, but I knew they said they got it. Q: Okay. A: But I never seen whatever it was they had found, but I knew they said they got it. I don't know if it was drugs they found or the gun because that's when they started ripping the whole car up."), 172:11-14 ("They found what they found, but they didn't find it on me, they didn't find it on him. They found it in his car, though.").[2] Taken as a whole, it was reasonable for Defendants to have concluded from Plaintiff's testimony that, although he was disputing that a gun was recovered from his person, he was not disputing that a gun was recovered. Indeed, if Defendants' interpretation of Plaintiff's testimony were unreasonable, Plaintiff would not have deemed it necessary to submit an affidavit in response to Defendants' motion for summary judgment correcting his testimony. *See* Pltf. Aff. at ¶ 25 ("I do not know whether anything was actually recovered from Mr. Coleman's car."). This Court characterized Plaintiff's testimony as "somewhat muddled," 06/18/18 Memorandum Opinion and Order, ECF No. 68 at 3, and "confusing at times." *Id.* at 6 n.2. Although Defendants believe Plaintiff's testimony was more clear than the Court suggests—and that had it not been clear, Plaintiff would not have submitted the supplemental affidavit—either way, Defendants' interpretation of Plaintiff's testimony, and Defendants' argument flowing from that interpretation, was reasonable. As a result, this Court's denial of Plaintiff's Motion for Rule 11 Sanctions was proper.

---

[2] Contrary to the Court's suggestion, Plaintiff testified that officers found the gun in the car multiple times at various points in his deposition and did so not only in the context of speculating that the Defendant Officers planted the gun.

That Defendants admitted that no gun was recovered from Coleman's vehicle does not warrant a different result. This admission was based on the Defendant Officers' testimony that the gun was recovered from Plaintiff's person. *See* Transcript of Deposition of Officer David Bachler ("Bachler Dep."), a copy of which is attached to DSOF as Exhibit D, at 20:3. For purposes of Defendants' motion for summary judgment, however, the Defendant Officers' version of events does not control. Rather, Plaintiff's version controls and, as explained, Defendants reasonably concluded that Plaintiff had testified at his deposition that although no gun was recovered from his person (contrary to the officers' testimony), a gun was recovered from the car. Based on this testimony, Defendants argued that they were entitled to summary judgment because Plaintiff had no evidence that the police had fabricated a gun. This was consistent with the standards for summary judgment. *See Pabon v. Brenka*, No. 12 CV 8565, 2015 WL 110078, at *4 (N.D. Ill. Jan. 7, 2015) (on officers' motion for summary judgment, court must "give the non-moving party the benefit of conflicts in the evidence about what the officers actually knew at the time.") (citing *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013)).

Finally, Defendants at no point argued that testimonial immunity applies to anything other than the Defendant Officers' act of testifying at Plaintiff's criminal trial. Rather, Defendants argued that to the extent Plaintiff's due process claim is predicated upon allegations that the Defendant Officers testified falsely, such allegations are insufficient to prove a due process claim. *See Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029 (7th Cir. 2006); *Munoz v. Rivera*, 169 F. Supp. 3d 815, 818-819 (N.D. Ill. 2015). Defendants did not and do not suggest that testifying about the recovery of allegedly fabricated evidence insulates an officer from liability.

In short, although this Court denied Defendants' motion for summary judgment on Plaintiff's fabrication-of-evidence claim, sanctions are inappropriate because Defendants' arguments were reasonable. *See In re Dairy Farmers of America, Inc.*, 80 F. Supp. 3d 838, 860 ("Even when a court has ruled that a party has been 'wrong on the law,' sanctions against that party do not flow inevitably.") (citing *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1269 (7th Cir. 1993)); *Sansone v. Kormex Metal Craft, Inc.*, No. 14 C 8418, 2016 WL 1529900, at *7 (N.D. Ill. Apr. 14, 2016) ("[A] mere disagreement about the facts is not on its own grounds for sanctions under Rule 11."). Accordingly, this Court should deny Plaintiff's Motion to Reconsider its decision denying Plaintiff's request for sanctions.

## CONCLUSION

"Rule 11 [] serves to protect both courts and parties against 'callous disregard for governing law or the procedures of the court.'" *Sansone v. Kormex Metal Craft, Inc.*, No. 14 C 8418, 2016 WL 1529900, at *1 (N.D. Ill. Apr. 14, 2016) (citing *Allison v. Dugan*, 951 F.2d 828, 834 (7th Cir. 1992)). Because Defendants' Motion for Summary Judgment was neither frivolous nor presented for any improper purpose, this Court's denial of Plaintiff's Motion for Rule 11 Sanctions should stand regardless of whether Plaintiff complied with the "safe harbor" provisions set forth in Rule 11.

WHEREFORE, for the foregoing reasons, Defendants request that this Honorable Court deny Plaintiff's Motion to Reconsider his Motion for Rule 11 Sanctions and enter such further relief the Court finds reasonable and just.

Dated: July 3, 2018                     Respectfully Submitted,

                                        /s/ Victoria R. Benson
                                        Chief Assistant Corporation Counsel



Victoria R. Benson, Chief Assistant Corporation Counsel
Mark Winistorfer, Assistant Corporation Counsel
Maria Magginas, Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
T: (312) 744-0454
F: (312) 744-6566
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

      I hereby certify that I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER DENIAL OF MOTION FOR RULE 11 SANCTIONS**, which sends a true and correct copy to all counsel, including:

Steven W. Becker
Law Office of Steven W. Becker LLC
500 N. Michigan Avenue, Suite 600
Chicago, Illinois 60611


on this 3rd day of July, 2018.

                                      Respectfully Submitted,

                                      /s/ Victoria R. Benson
                                      Chief Assistant Corporation Counsel


Victoria R. Benson, Chief Assistant Corporation Counsel
Mark Winistorfer, Assistant Corporation Counsel
Maria Magginas, Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
T: (312) 744-0454
F: (312) 744-6566
ATTORNEYS FOR DEFENDANTS